UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Julianna Raicovich,<br><br>    Plaintiff,<br>v.<br><br>Everest Receivable Services, Inc.; and<br>DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No. 13 4279<br><br>FEUERSTEIN, J.<br>COMPLAINT TOMLINSON, M.J. |

For this Complaint, Plaintiff, Julianna Raicovich, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Julianna Raicovich ("Plaintiff"), is an adult individual residing in Huntington Station, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Everest Receivable Services, Inc. ("Everest"), is a New York business entity with an address of 352 Sonwil Drive, Cheektowaga, New York 14222, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Does 1-10 (the "Collectors") are individual collectors employed by Everest and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.     Everest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7.     Plaintiff's mother (the "Debtor") allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8.     Plaintiff is not the Debtor and has no responsibility whatsoever for repayment of the Debt.

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned or transferred to Everest for collection, or Everest was employed by the Creditor to collect the Debt.

11.    Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Everest Engages in Harassment and Abusive Tactics

12.    Beginning in or around June 2013, Everest placed multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using an artificial or pre-recorded voice in an attempt to collect the Debt from the Debtor.

13.    When answering Everest's telephone calls, Plaintiff heard a pre-recorded message stating that Everest had an "important message" for the Debtor.

14. Plaintiff never provided consent to Everest or the Creditor to be contacted on her cellular telephone.

15. On several occasions, Plaintiff stayed on the line to speak with a live representative. During these conversations, Plaintiff informed Everest that she would provide Everest's telephone number to the Debtor. Plaintiff then requested that Everest cease all calls to her cellular telephone.

16. Nonetheless, Everest continued to hound Plaintiff with up to three (3) automated telephone calls per day in an attempt to collect the Debt.

## C. **Plaintiff Suffered Actual Damages**

17. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt,

21. Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt,

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Without prior express consent, Defendants contacted Plaintiff by means of automated telephone calls on her cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii). As such, each call placed to Plaintiff is a knowing and/or willful violation of the TCPA, and is therefore subject to treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(C).

27. In the alternative, as a result of each negligent call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 for each call pursuant to 47 U.S.C. § 227(b)(3)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Punitive damages in such amount as is found appropriate; and

6. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: July 26, 2013

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff